## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### EASTERN DIVISION

**OTIS BOOTHES**                                                                 **PETITIONER**
**Reg. #16433-076**

**v.**                               **CASE NO.: 2:07CV00008 WRW/BD**

**LINDA SANDERS**                                                          **RESPONDENT**
**Warden, FCI,**
**Forrest City, Arkansas**

## RECOMMENDED DISPOSITION

The following recommended disposition has been sent to United States District

Judge William R. Wilson, Jr.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and one copy of your

objections must be received in the office of the United States District Court Clerk no later

than fourteen (14) days from the date of the findings and recommendations.  A copy will

be furnished to the opposing party.  Failure to file timely objections may result in waiver

of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

or additional evidence, and to have a hearing for this purpose before the District Judge, you

must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      The details of any testimony you wish to introduce at a

hearing before the District Judge in the form of an offer of

proof,  and a copy,  or the original,  of any documentary or

other non-testimonial evidence.

From this submission, the District Judge will determine whether to order an evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

**Recommendation**:

This petition for a writ of habeas corpus (#1) is brought under 28 U.S.C. § 2241.

For the following reasons, the Court recommends that the Petition be DENIED and

DISMISSED, with prejudice.

**A.      Background**

Petitioner, an inmate confined in the Federal Correctional Institute in

Forrest City, Arkansas, is serving a 169-month sentence for possession and conspiracy to

distribute cocaine.  In his Petition for a Writ of Habeas Corpus, Petitioner alleges that the

Bureau of Prisons (BOP) is miscalculating credit earned for good conduct, known as

Good Conduct Time (GCT).  He asserts that 28 C.F.R. § 523.20 and BOP Program

Statement 5880.28, as they relate to 18 U.S.C. § 3624(b)[1], violate the *Ex Post Facto* clause of the United States Constitution and are invalid and preempted by the Federal Sentencing Guidelines.  Petitioner requests a Writ of Habeas Corpus requiring the BOP to recalculate his GCT.

**B.     Discussion**

Federal prisoners have a statutory right to earn "credit," through good behavior, toward completion of their sentences.  18 U.S.C. § 3624(b)(1).  The statute permits an inmate to earn up to 54 days of GCT per year (or approximately 4.5 days per month) to be deducted from the time they are required to serve in the penitentiary, as an incentive for good behavior.  18 U.S.C. § 3621.  The BOP has interpreted 18 U.S.C. § 3624(b) to mean that GCT is to be calculated according to the time a prisoner actually serves, rather to the time imposed at sentencing.  28 C.F.R. § 523.20(a)(1).  The BOP Program Statement 5880.28 reflects the BOP's interpretation of 18 U.S.C. § 3624.

According to Petitioner, 18 U.S.C. § 3624(b) allows a prisoner to earn 54 days of GCT for each year *of the sentence imposed*, rather 54 days for each year a prisoner actually *serves*.  Under Petitioner's interpretation of 18 U.S.C. § 3624(b), he should be

---

[1]Title 18 U.S.C. § 3624(b)(1) provides, in pertinent part: "[A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

allowed to earn up to 760 days of GCT.[2]  Under the BOP's interpretation, Petitioner is

eligible for only 662 days of GCT.

Petitioner's argument, that he should receive credit for each year of the sentence

imposed, has been expressly rejected by the Court of Appeals for Eighth Circuit:

> We conclude that [18 U.S.C.] § 3624(b) is ambiguous because
> it does not clearly indicate whether a prisoner's good time
> credits are based on the time served in prison or the sentence
> imposed.  Since the BOP regulation was adopted through the
> notice and comment procedure, it is entitled to deference . . .
> and we conclude that it is a reasonable interpretation of the
> statute.

*James v. Outlaw*, 126 Fed. Appx. 758, 759 (8th Cir. 2005) (unpublished per curiam)

(internal citations omitted); see also, *United States v. Wittman*, 139 Fed. Appx. 759, 760

(8th Cir. 2005) (unpublished per curiam).  The Eighth Circuit's unpublished decisions are

in agreement with a majority of other circuits that have considered the issue.  See, *e.g.*,

*O'Donald v. Johns*, 402 F.3d 172, 173 (3d Cir. 2005) (per curiam) (holding that because

18 § 3624(b) is ambiguous and the BOP calculation method is reasonable, the court

would not resort to rule of lenity); *Perez-Olivio v. Chavez*, 394 F.3d 45, 51-53 (1st Cir.

2005) (same); *White v. Scibana*, 390 F.3d 997, 1002-03 (7th Cir. 2004) (same); *Pacheco-

Camacho v. Hood*, 272 F.3d 1266, 1270 (9th Cir. 2001) (same).

---

[2] Petitioner's sentence of 169 months totals approximately 14 years and one month.
He contends he should be permitted to earn 756 days for the 14 years, plus 4 days for the
additional month, totaling 760 days GCT.

Petitioner argues that the Sentencing Guidelines preempt and invalidate the BOP's interpretation of 18 U.S.C. § 3624. This argument is without merit. The Sentencing Commission's authority to promulgate guidelines for the imposition of sentences extends to the United States Courts and Probation System, but not to the BOP. 28 U.S.C. § 994(a). The BOP has custodial responsibility once a term of imprisonment is imposed, 18 U.S.C. § 3621(a), but plays no role in imposing a sentence of confinement. Likewise, the Sentencing Commission plays no role in housing a prisoner during the sentence imposed. Moreover, the BOP's interpretation of 18 U.S.C. § 3624, and the Sentencing Commission's declaration that an offender's term of imprisonment may be reduced by *approximately* fifteen percent for good behavior, are not contradictory.

Petitioner's final argument is that the BOP's interpretation of 18 U.S.C. § 3624(b) violates the *Ex Post Facto* Clause of the Constitution. This contention is also without merit. There has been no change in the law or the interpretation of the law since Petitioner's crime or conviction that would give rise to an *Ex Post Facto* claim regarding GCT calculations. See *Weaver v. Graham*, 450 U.S. 24, 29, 101 S.Ct. 960 (1981), overruled on other grounds; and *Cal. Dept. of Corr. v. Morales*, 514 U.S. 499, 506 n. 3, 115 S.Ct. 1597 (1995) (holding that an *ex post facto* issue arises only when a law is applied to events occurring before its enactment.). The BOP's interpretation of 18 U.S.C. § 3624 has not altered the definition of criminal conduct or increased the penalty by which a crime is punishable. See *Collins v. Youngblood*, 497 U.S. 37, 46, 110 S.Ct. 2715

(1990) (holding that the Constitutional prohibition against *ex post facto* laws extends to laws that make innocent acts criminal, alter the nature of the offense, or increase the punishment for the crime).  In addition, reduction of a sentence for good behavior is an incentive, not a punishment, and GCT reduces the sentence imposed.  18 U.S.C. § 3621.

For the reasons stated, this Court recommends that the Petition for Writ of Habeas Corpus (#1) be DENIED, and that the case be DISMISSED with prejudice.

DATED this 3rd day of May, 2007.

_____
UNITED STATES MAGISTRATE JUDGE